BENJAMIN FITCH, AS ADMINISTRATOR, &C., OF AUGUSTUS B. FITCH, DECEASED, Appellant, *against* THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

(Decided March 7th, 1881.)

The authority of the police justices of the city of New York, under L. 1867, c. 861, § 2, to appoint a "Record Clerk of the city of New York," to take charge of specified records to be kept by his appointees in each police court, is abrogated by the act of 1873 (L. 1873, c. 528), which provides for the keeping, by the police clerks to be appointed under it, of records similar to those mentioned in the act of 1867, omitting any provision for the appointment of or specification of duties for a record clerk.

APPEAL from a judgment of this court, entered upon the dismissal of a complaint at the trial.

The plaintiff's intestate, on November 11, 1873, was appointed record clerk in the court of special sessions, by a resolution of the board of police justices. The same board, by resolution of June 30, 1874, declared the office vacant, and the intestate's services to be no longer required. The plaintiff gave in evidence the pay-rolls of the record clerk of the city of New York, for the months of May and June, 1874, whereon appeared intestate's name opposite the monthly salary. The warrants for the payment of these sums were also produced, attached to the rolls. The payment for these months, and up to January 1, 1875, was demanded, and re-

fused, and this action brought therefor. The claim, subsequent to June 30, was based upon the averment of illegal removal by the resolution of June 30, 1874, and offer and readiness to perform the duties of the position. The defense was that the board of police justices had not the power to make the original appointment. At the trial the complaint was dismissed, and judgment was entered for the defendants. From the judgment the plaintiff appealed.

*Charles P. Miller*, for appellant.

*D. J. Dean*, for respondent.

BEACH, J.—[After stating the facts as above.]—From the allegations in the complaint, and the evidence on the trial, I conclude the claim was founded upon services rendered by the plaintiff's intestate as record clerk of the city of New York. The complaint names the position, "record clerk of the board of police justices of the city of New York." The pay-rolls given in evidence by the plaintiff denominate it, "record clerk of the city of New York." By section 2 of the act of 1867 (L. 1867, c. 961), the police justices were authorized to appoint such an officer, whose duty was to take charge of specified records to be kept by his appointees in each police court. This being the only statute called to the notice of the court, wherein the official is named, and the office created, it is but fair to presume that the intestate was appointed under it. The legislature, in 1873, passed an act entitled "An act to secure better administration in the police courts of the city of New York" (L. 1873, c. 538). By this legislation, the authority, tenure and salaries of police clerks, chief clerks of the police court, clerks of the board of police justices, and of all clerks, assistants, stenographers, interpreters, attendants and other employes, of or about the police courts or justices then existing, ceased and determined, at a time named, and their duties were devolved upon the clerks, clerks' assistants, and other officers and employes, provided for in the act. The plain intention and scope of this enactment was to effect a rad-

ical change in this branch of the municipal service. The board of police justices, therein provided, was authorized to appoint five police clerks, designating one to act as its secretary, and also police clerks' assistants, interpreters, stenographers, and other necessary attendants. The board was also directed to prepare and publish, among other rules, one providing for the keeping, by the police clerks, records similar to those mentioned in the act of 1867. It is to be presumed this duty was performed. The fact, seemingly conclusive in this case, is the absence of any provision for the appointment of, or specification of duties for a record clerk, which in the prior act was contained in a separate section, not possible to overlook, on a revision of the system. The limitation in section 1, of powers conferred upon the new police justices, as members of the board, is made operative, by the later specification of officials to be appointed, from whom a record clerk is omitted. This, in my opinion, is fatal to the plaintiff's claim. When the keeping of the records, and presumably their care, was provided for, the, at best, unimportant and indistinct duties of a record clerk were covered in explicit terms, so that nothing seems to have been left, save the supervision of assistants, without occupation, because their duties had been transferred.

The judgment must be affirmed, with costs.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed, with costs.*

---

\* The judgment entered upon this decision was affirmed by the court of appeals, April 8th, 1882.